1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

**ASCENCION ALVAREZ-TEJADA,**

Case No. 1:13-cv-02092 LJO MJS (HC)

11

Petitioner,

**FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS**

12
13

**v.**

14

**[Doc. 17]**

15

**MICHAEL L. BENOV,**

16

Respondent.

17
18

Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a

19

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter has been

20

referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302-

21

304. Pending before the Court is the Respondent's May 5, 2014, motion to dismiss the

22

petition as moot. Petitioner did not file an opposition to the motion.

23

**I.    BACKGROUND**

24

Petitioner, an inmate of the Taft Correctional Institution (TCI), challenges the

25

disallowance of thirteen (13) days of good conduct time credit Petitioner suffered (for

26

possession of unauthorized items and lying) as a result of a July 17, 2009, prison

27

disciplinary finding at California City Correctional Center. (ECF No. 1 at 10-12.)

28

Petitioner had juice packs on his person and told an officer that he did not have anything

1

1   in his possession when he did. (Id.) Petitioner challenges the loss of credit and seeks
2   invalidation of the sanctions.

3       Petitioner raises the following claims in his petition: 1) because the disciplinary
4   hearing officer (DHO) was not an employee of the Federal Bureau of Prisons (BOP) and
5   thus lacked the authority to conduct the disciplinary hearings and make findings resulting
6   in punishment, including disallowance of good time credit, Petitioner suffered a violation
7   of his right to due process of law; and 2) because the DHO was not an employee of the
8   BOP but rather was an employee of a private entity with a financial interest in the
9   disallowance of good time credits, Petitioner's due process right to an independent and
10  impartial decision maker at the disciplinary hearings were violated. (Id. at 1-9.)

11      Respondent moves for dismissal of the petition as moot because on April 8, 2014,
12  the disciplinary charges were reheard via teleconference by a certified disciplinary
13  hearing officer of the BOP. At the rehearing, the BOP DHO found that Petitioner had
14  committed the prohibited misconduct and assessed the same disallowance of good
15  conduct time credit (twenty-seven days). (Decl., ECF No. 17.)

16  **II.**   **MOOTNESS**

17      Federal courts lack jurisdiction to decide cases that are moot because the courts'
18  constitutional authority extends to only actual cases or controversies. Iron Arrow Honor
19  Society v. Heckler, 464 U.S. 67, 70-71, 104 S. Ct. 373, 78 L. Ed. 2d 58 (1983). Article III
20  requires a case or controversy in which a litigant has a personal stake in the outcome of
21  the suit throughout all stages of federal judicial proceedings and has suffered some
22  actual injury that can be redressed by a favorable judicial decision. Id. A petition for writ
23  of habeas corpus becomes moot when it no longer presents a case or controversy under
24  Article III, § 2 of the Constitution. Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003).
25  A petition for writ of habeas corpus is moot where a petitioner's claim for relief cannot be
26  redressed by a favorable decision of the court issuing a writ of habeas corpus. Burnett v.
27  Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting Spencer v. Kemna, 523 U.S. 1,
28  7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998)). Mootness is jurisdictional. See, Cole v.

1  Oroville Union High School District, 228 F.3d 1092, 1098-99 (9th Cir. 2000). Thus, a
2  moot petition must be dismissed because nothing remains before the Court to be
3  remedied. Spencer v. Kemna, 523 U.S. 1, 18, 118 S. Ct. 978, 140 L. Ed. 2d 43.

4          Here, documentation submitted by Respondent in support of the motion to
5  dismiss demonstrates that the claims initially alleged by Petitioner are no longer in
6  controversy. The charges were reheard by an officer who had the precise qualifications
7  that Petitioner had alleged were required due process principles and pertinent
8  regulations. It is undisputed that the findings and sanctions that constituted the object of
9  Petitioner's challenges in the petition have now been superseded by the findings and
10  sanctions of the certified BOP DHO.

11          When, because of intervening events, a court cannot give any effectual relief in
12  favor of the petitioner, the proceeding should be dismissed as moot. Calderon v. Moore,
13  518 U.S. 149, 150, 116 S. Ct. 2066, 135 L. Ed. 2d 453 (1996). In the present case, it
14  appears that the only relief that Petitioner sought was invalidation of the findings and
15  associated sanctions. It has been demonstrated that the rehearing of the incident report
16  by an indisputably qualified DHO has effectuated the relief sought by Petitioner. Thus, it
17  is no longer possible for this Court to issue a decision redressing the injury.

18          Petitioner argues that the controversy is not moot because the rehearing was part
19  of disciplinary proceedings that were wholly invalid or unconstitutional. The asserted
20  invalidity is based on the fact that in the earlier stages of the disciplinary process,
21  employees of the private prison management company, who did not constitute BOP
22  staff, participated in violation of various regulations, including 28 C.F.R. § 541.5, which
23  requires "staff" to witness or suspect a violation and issue an incident report, 28 C.F.R. §
24  541.5(a); requires a "Bureau staff member" to investigate the incident report, 28 C.F.R. §
25  541.5(b); and directs that it is "staff" who ordinarily serve on a unit disciplinary
26  committee, a body which considers disciplinary charges before the charges are heard by
27  a DHO, § 541.7(b). Petitioner argues that the hearing and rehearing process evinced
28  deliberate indifference to his liberties and violated his Fifth Amendment right to equal

3

1  protection of the laws and his Eighth Amendment right to be free from cruel and unusual

2  punishment.

3      However, the documentation attached to the motion to dismiss shows that the

4  BOP DHO considered not only the incident report and investigation, including

5  photographic evidence, but also Petitioner's admissions of the truth with in the incident

6  report made during the original investigation and hearing. (ECF No. 17, Attach. 3.)

7  Petitioner admitted that he had juice packs in his possession, but contends that he only

8  had four, not five as reported. (Id.) The photographs, account of the reporting employee,

9  and Petitioner's repeated admissions provide strong and independent support for the

10  finding of misconduct and also undercut Petitioner's general allegation that he suffered a

11  taint from the participation of non-BOP staff in the earlier stages of the disciplinary

12  process.

13      Further, the documentation establishes that Petitioner received all procedural due

14  process due under Wolff v. McDonnell, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935

15  (1974). Procedural due process of law requires that where the state has made good time

16  subject to forfeiture only for serious misbehavior, then prisoners subject to a loss of

17  good-time credits must be given advance written notice of the claimed violation, a right to

18  call witnesses and present documentary evidence where it would not be unduly

19  hazardous to institutional safety or correctional goals, and a written statement of the

20  finder of fact as to the evidence relied upon and the reasons for disciplinary action taken.

21  Wolff v. McDonnell, 418 U.S. at 563-64. Further, if the inmate is illiterate, or the issue so

22  complex that it is unlikely that the inmate will be able to collect and present the evidence

23  necessary for an adequate comprehension of the case, the inmate should have access

24  to help from staff or a sufficiently competent inmate designated by the staff. However,

25  confrontation, cross-examination, and counsel are not required. Wolff, 418 U.S. at 568-

26  70. Where good-time credits are a protected liberty interest, the decision to revoke

27  credits must also be supported by some evidence in the record. Superintendent v. Hill,

28  472 U.S. 445, 454, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985).

1       Here, Petitioner's admission of responsibility with regard to the incident report

2  precludes any claim of a lack of evidence to support the disciplinary finding. Likewise,

3  the documentation shows that Petitioner received adequate notice; waived witnesses,

4  staff representation, and presentation of evidence; and received a written statement of

5  the decision. (ECF No. 17, Attach. 3.) From these circumstances, the Court concludes

6  that Petitioner has not suffered any prejudice from either participation of non-BOP

7  staffers in the earlier stages of the disciplinary process or any delay experienced in the

8  course of the rehearing process.

9       Generally a failure to meet a prison guideline regarding a disciplinary hearing

10  would not alone constitute a denial of due process. See Bostic v. Carlson, 884 F.2d

11  1267, 1270 (9th Cir. 1989). In the absence of controlling authority, the Court notes that

12  several courts have concluded that to establish a denial of due process of law, prejudice

13  is generally required. See Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S. Ct. 1710,

14  123 L. Ed. 2d 353 (1993) (proceeding pursuant to 28 U.S.C. § 2254); see also Tien v.

15  Sisto, Civ. No. 2:07 cv-02436-VAP (HC), 2010 U.S. Dist. LEXIS 39749, 2010 WL

16  1236308, at *4 (E.D.Cal. Mar. 26, 2010) (recognizing that while neither the United States

17  Supreme Court nor the Ninth Circuit Court of Appeals has spoken on the issue,

18  numerous federal Courts of Appeals, as well as courts in this district, have held that a

19  prisoner must show prejudice to state a habeas claim based on an alleged due process

20  violation in a disciplinary proceeding, and citing Pilgrim v. Luther, 571 F.3d 201, 206 (2d

21  Cir. 2009); Howard v. United States Bureau of Prisons, 487 F.3d 808, 813 (10th Cir.

22  2007); Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003); Elkin v. Fauver, 969 F.2d 48,

23  53 (3d Cir. 1992); Poon v. Carey, no. Civ. S 05 0801 JAM EFB P, 2008 U.S. Dist. LEXIS

24  105665, 2008 WL 5381964, *5 (E.D.Cal. Dec. 22, 2008); and Gonzalez v. Clark, no.

25  1:07 CV 0220 AWI JMD HC, 2008 U.S. Dist. LEXIS 82011, 2008 WL 4601495, at *4

26  (E.D.Cal. Oct. 15, 2008)); see also Smith v. United States Parole Commission, 875 F.2d

27  1361, 1368-69 (9th Cir. 1989) (holding in a § 2241 proceeding that a prisoner, who

28  challenged the government's delayed compliance with a procedural regulation that

1    required counsel to be appointed before a record review in parole revocation

2    proceedings, was required to demonstrate prejudice to be entitled to habeas relief);

3    Standlee v. Rhay, 557 F.2d 1303, 1307-08 (9th Cir. 1977) (stating that burden is on a

4    parolee to demonstrate that failure to permit a witness's live testimony at a revocation

5    hearing was so prejudicial as to violate due process).

6         In summary, the claims in the petition before the Court are no longer subject to

7    redress by the Court. Further, the factual accuracy of the findings on rehearing are not

8    seriously disputed, the record establishes that Petitioner received procedural due

9    process of law, and there is no indication that Petitioner suffered any legally cognizable

10   prejudice.

11        Although Petitioner now alleges that other details of the early stages of the

12   prison's disciplinary program were not conducted consistently with applicable

13   regulations, the foregoing analysis leads the Court to conclude that any such alleged

14   deficiencies did not bear on the legality or duration of Petitioner's confinement. As such,

15   they do not fall within the core of habeas corpus jurisdiction.

16        A federal court may not entertain an action over which it has no jurisdiction.

17   Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). Relief by way of a writ of

18   habeas corpus extends to a person in custody under the authority of the United States if

19   the petitioner can show that he is "in custody in violation of the Constitution or laws or

20   treaties of the United States." 28 U.S.C. § 2241(c)(1) & (3). A habeas corpus action is

21   the proper mechanism for a prisoner to challenge the fact or duration of his confinement.

22   Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973);

23   Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1990) (holding in a Bivens action that a

24   claim that time spent serving a state sentence should have been credited against a

25   federal sentence concerned the fact or duration of confinement and thus should have

26   been construed as a petition for writ of habeas corpus pursuant to § 28 U.S.C. § 2241,

27   but that to the extent that the complaint sought damages for civil rights violations, it

28   should be construed as a Bivens action); Crawford v. Bell, 599 F.2d 890, 891-892 (9th

1   Cir. 1979) (upholding dismissal of a petition challenging conditions of confinement and

2   noting that the writ of habeas corpus has traditionally been limited to attacks upon the

3   legality or duration of confinement); see, Greenhill v. Lappin, 376 Fed. Appx. 757, 757-

4   58 (9th Cir. 2010) (unpublished) (holding that the appropriate remedy for a federal

5   prisoner's claim that relates to the conditions of his confinement is a civil rights action

6   under Bivens); but see Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (holding

7   that habeas corpus is available pursuant to § 2241 for claims concerning denial of good

8   time credits and subjection to greater restrictions of liberty, such as disciplinary

9   segregation, without due process of law); Cardenas v. Adler, no. 1:09-cv-00831-AWI-

10  JLT-HC, 2010 U.S. Dist. LEXIS 52556, 2010 WL 2180378 (E.D.Cal., May 28, 2010)

11  (holding that a petitioner's challenge to the constitutionality of the sanction of disciplinary

12  segregation and his claim that the disciplinary proceedings were the product of

13  retaliation by prison staff were cognizable in a habeas proceeding pursuant to § 2241).

14        Claims concerning prison conditions brought pursuant to § 2241 have been

15  dismissed in this district for lack of subject matter jurisdiction with indications that an

16  action pursuant to Bivens is appropriate. See, e.g., Dyson v. Rios, no. 1:10-cv-00382-

17  DLB (HC), 2010 U.S. Dist. LEXIS 97607, 2010 WL 3516358, *3 (E.D.Cal. Sept. 2, 2010)

18  (a claim challenging placement in a special management housing unit in connection with

19  a disciplinary violation); Burnette v. Smith, no. CIV S-08-2178 DAD P, 2009 U.S. Dist.

20  LEXIS 20219, 2009 WL 667199 at *1 (E.D.Cal. Mar. 13, 2009) (a petition seeking a

21  transfer and prevention of retaliation by prison staff); Evans v. U.S. Penitentiary, no.

22  1:07-CV-01611 OWW GSA HC, 2007 U.S. Dist. LEXIS 87181, 2007 WL 4212339 at *1

23  (E.D.Cal. Nov. 27, 2007) (claims brought pursuant to § 2241 regarding a transfer and

24  inadequate medical care).

25        Here, to the extent that any claims remain before the Court, the claims concern

26  conditions of confinement that do not bear a relationship to, or have any effect on, the

27  legality or duration of Petitioner's confinement. It has long been established that habeas

28  corpus should be used as a vehicle to determine the lawfulness of custody and not as a

1  writ of error. See Eagles v. U.S. ex rel. Samuels, 329 U.S. 304, 311-12 (1946), 67 S. Ct.

2  313, 91 L. Ed. 308. Habeas corpus proceedings are not an appropriate forum for claims

3  regarding disciplinary procedures if the effect of the procedures on the length of the

4  inmate's sentence is only speculative or incidental. Sisk v. Branch, 974 F.2d 116, 117-

5  118 (9th Cir. 1992). The Court concludes that if any claims remain before the Court, they

6  are not within the core of habeas corpus jurisdiction pursuant to 28 U.S.C. § 2241.

7       In summary, Petitioner has not asserted any factual or legal basis that would

8  preclude a finding of mootness. The Court thus concludes that the matter is moot

9  because the Court may no longer grant any effective relief. See, Badea v. Cox, 931 F.2d

10  573, 574 (9th Cir. 1991) (holding that a habeas claim was moot where a former inmate

11  sought placement in a community treatment center but was subsequently released on

12  parole and no longer sought such a transfer); Kittel v. Thomas, 620 F.3d 949 (9th Cir.

13  2010) (dismissing as moot a petition seeking early release where the petitioner was

14  released and where there was no live, justiciable question on which the parties

15  disagreed).

16       Accordingly, it will be recommended that the Court grant the motion to dismiss the

17  petition as moot.

18  **III.  RECOMMENDATIONS**

19       Accordingly, it is RECOMMENDED that:

20       1) The petition for writ of habeas corpus be DISMISSED as moot; and

21       2) The Clerk be DIRECTED to close the action.

22       These findings and recommendations are submitted to the United States District

23  Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636

24  (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court,

25  Eastern District of California. Within thirty (30) days after being served with a copy, any

26  party may file written objections with the Court and serve a copy on all parties. Such a

27  document should be captioned "Objections to Magistrate Judge's Findings and

28  Recommendations." Replies to the objections shall be served and filed within fourteen

8

(14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 14, 2014                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE